JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Rosario Maria Baez Martinez, Individually And As Representative of The Estate of Tito Livio Bautista, Deceased, And As Next Friend of Jeremy Bautista

## DEFENDANTS

American Airlines, Inc. and Airbus Industrie, G.I.E.

**3-03 CV 1324-M**

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

RECEIVED
JUN 13 2003

(c) Attorney's (Firm Name, Address, and Telephone Number)

Leo Pruneda
Law Offices of Leo Pruneda
621 South 10th Street
McAllen, Texas 78539
(956) 383-4822

John R. Griffith
Griffith, Sullivan, Ochoa & Aguirre
One Park Place, 100 Savannah Ave, Ste 500
McAllen, Texas 78503
(956) 971-9446

Attorneys (If Known)

Thad Dameris
Christopher L. Barnes
909 Fannin 22nd Floor
Houston, Texas 77010
(713) 425-7300

John H. Martin
Thompson & Knight L.L.P
1700 Pacific Ave. Ste 3300
Dallas, Texas 75201

Desmond T. Barry Jr.
Andrew J. Harakas
Condon & Forsyth,
685 Third Ave.
New York, NY 10017

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 22 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☒ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 23 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity)

28 U.S.C. 1332 (a)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE                DOCKET NUMBER

DATE June 12, 2003

SIGNATURE OF ATTORNEY OF RECORD
[signature] by permission

FOR OFFICE USE ONLY

RECEIPT #        AMOUN        APPLYING IFP        JUDGE        MAG JUDGE



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 13 2003

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

| | |
|---|---|
| ROSARIO MARIA BAEZ MARTINEZ, | § |
| Individually, and As Representative | § |
| of The Estate of TITO LIVIO | § |
| BAUTISTA, Deceased, And As Next | § |
| Friend of JEREMY BAUTISTA | § |
| vs. | § |
| | § |
| AMERICAN AIRLINES, INC., and | § |
| AIRBUS INDUSTRIE, G.I.E. | § |
| Defendant | § |

CIVIL ACTION NO. _____

3-03CV1324-M

## PLAINTIFFS' ORIGINAL COMPLAINT

Now Come, ROSARIO MARIA BAEZ MARTINEZ, Individually, and As Representatives of The Estate of TITO LIVIO BAUTISTA, Deceased, and as next friend of Jeremy Bautista Plaintiffs complaining of AMERICAN AIRLINES, INC., and AIRBUS INDUSTRIE, GIE and would respectfully show the Court as follows:

I.

PARTIES

1.1     Tito Livio Bautista was a passenger aboard American Airlines Flight 587. At the time of his death, he was a citizen of The United States.

1.2     Defendant, American Airlines, Inc. ("American"), is a corporation organized under the laws of the State of Delaware with its principal place of business in Tarrant County, Texas. At all times pertinent to this action, American was duly authorized by the United States to operate its business as an air carrier.

Dominican Republic\Complaint-Martinez
Page 1

1.3     Defendant Airbus Industrie, GIE ("Airbus") is a simplified joint stock company organized under the laws of France. Airbus is in the business of designing, manufacturing, and selling airplanes. Although Airbus is a resident and citizen of a foreign county, its is authorized to and does business in the United States, including the State of Texas.

## II.

## JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because this action, which has a controversy in excess of $75,000.00, is between citizens of different states.

2.2     This Court has personal jurisdiction over American and Airbus because they are authorized to, and do, business in the State of Texas and have sufficient contacts with the State of Texas, both generally and with regard to this specific action, so that the exercise of personal jurisdiction over them is proper.

2.3     This is a proper venue, pursuant to 28 U.S.C. §1391 (A) and (d), because it is the District in which American resides, and Airbus, an alien, may be sued in any District.

## III.

## GENERAL ALLEGATIONS OF FACT

3.1     On November 12, 2001, American operated Flight 587, which was scheduled to take off from Kennedy International Airport, in New York, and arrive in Santo Domingo, Dominican Republic. The flight path was to be almost entirely over water.

3.2     The airplane of Flight 587 was an Airbus A-300-600, identification number N14053.

3.3     Flight 587 took off at approximately 9:15 a.m. (EST), shortly after Japan Airlines ("JAL") Flight 47.   Within minutes after takeoff, Flight 587 encountered two wake vortices generated by JAL Flight 47.  At this time, the plane was over Jamaica Bay.  The airplane experienced strong lateral movements, as its rudder and vertical tail fin detached from the body of the airplane and fell in to the Bay.  Then, the airplane's two engines fell off the aircraft.  Finally, the airplane crashed into the ground, and exploded, killing every person on the airplane.

3.4     Tito Livio Bautista was fare-paying customer aboard Flight 587.

3.5     Tito Livio Baustista, deceased, was survived by his wife, Rosario Maria Baez Martinez and son, Jeremey Bautista Baez.

CLAIMS OF RELIEF

IV.

NEGLIGENCE-AMERICAN AIRLINES, INC.

4.1     At all times pertinent to this action, American had a duty to exercise the highest degree of care for the safety of its passengers aboard Flight 587, including, Tito Livio Bautista, deceased.

4.2     American, through its agents, officers, and employees, breached its duty of care for the safety of its passengers aboard Flight 587, including, Tito Livio Bautista, deceased, because it was negligent in its testing, inspection, maintenance, and repair of the airplane (N14053) and its mechanical and structural components, including violations of Federal Aviation Regulations §43.13,

thereby breaching its duty of care to Plaintiffs and causing Plaintiffs' damages.

4.3     American, through its agents, officers, and employees, breached its duty of care of the safety of its passengers aboard Flight 587, including, Tito Livio Bautista, because it was negligent in training and instructing its pilots, and flight crew, especially with regard to the dangerous and reckless use of the rudder when responding to turbulence.

4.4     American, through its agents, officers, and employees, breached its duty of care for the safety of its passengers aboard Flight 587, including Tito Livio Bautista, because it was negligent in failing to provide the highest degree of care with regard to safety, in that it operated an airplane that it knew, or should have known, was defective in manufacture and/or design, thereby breaching its duty to care to Plaintiffs and causing Plaintiffs' damages.

4.5     American, through its agents, officers, and employees, breached its duty of care of the safety of its passengers aboard Flight 587, including Tito Livio Bautista, deceased, because it was negligent in implementing the flight, so that it allowed the airplane (N14053) to encounter the wake vortices generated by JAL Flight 47, thereby breaching its duty of care to Plaintiffs and causing Plaintiffs' damages.

4.6     American, through its agents, officers, and employees, breached its duty of care of the safety of its passengers aboard Flight 587, including Tito Livio Bautista, deceased, because it was negligent in failing to provide the highest degree of care with regard to safety, in that it operated an airplane that it knew, or should have known, was defective in manufacture and/or design, thereby breaching its duty to care to Plaintiffs and causing Plaintiffs' damages.

4.7     American committed acts of omission and commission, which collectively and

severally constituted negligence, which were a proximate cause of the crash of Flight 587 and the damages of the Plaintiffs.

V.

STRICT LIABILITY -AMERICAN AIRLINES

5.1     In the alternative to the claim for damages arising from American's negligence, American is strictly liable to Plaintiffs' damages, pursuant to the Convention for the Unification of Certain Rules Relating to Internal Transportation by Air (commonly referred to as the "Warsaw Convention"). Plaintiffs allege that Defendant American is strictly liable for the first $100,000.00 "Special Drawing Rights" for which demand is hereby made.

VI.

PRODUCTS LIABILITY -AIRBUS INDUSTRIE, GIE

6.1     The airplane, model Airbus A-300-600 (identification number N14053) in question was originally designed, manufactured, and sold by Airbus.

6.2     At the time the airplane in question was sold, Airbus was in the business of designing, manufacturing, and selling airplanes such as the one in question.

6.3     At the time the airplane was designed, manufactured, and sold by Airbus, it was defective in design and unreasonably dangerous as designed. The defective design resulted in the rudder and vertical tail fin unexpectedly detaching from the airplane and the engines unexpectedly falling off the airplane. There was a safer alternative design other than the one used, which was economically and technologically feasible and would have prevented or significantly reduced the risk

of the accident in question without substantially impairing the airplane's utility. Further, at the time the airplane in question was sold, the defective design caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of airplanes. The defective and unreasonably dangerous design of the airplane was a producing cause of the accident and the damages of Plaintiffs.

6.4     At the time the airplane in question left the possession of Airbus, it was defective in manufacture because it was an unreasonably dangerous product. The product was dangerous to the extent beyond which would be contemplated by the ordinary user of the product with ordinary knowledge common to the community as to the product's characteristics. The defective manufacture of the airplane at issue includes improper construction or defects so that the rudder and vertical tail fin unexpectedly detached from the airplane and the engines unexpectedly fell off the airplane. The defective and unreasonably dangerous manufacture of the airplane was a producing cause of the accident and the damages of Plaintiffs.

6.5     At the time the airplane in question left the possession of Airbus, it did not have adequate warnings of the product's dangers that were known by, or should have been known by, Airbus. Defendant failed to give adequate instructions to avoid the dangers associated with its product, such as the rudder and vertical tail fin unexpectedly detaching from the airplane and the engines unexpectedly falling off the airplane, which resulted in loss of control and the eventual crash of the airplane. Airbus failed to warn users of its product of the proper manner to inspect and maintain the composite structure of the rudder and vertical tail fin. These failures rendered the product unreasonably dangerous as marketed. The marketing defect was producing cause of the accident and the damages of the Plaintiffs.

6.6     At the time of the accident, the airplane was in substantially the same condition as it was at the time it was placed into the stream of commerce. Nobody made any material alterations to the airplane. At the time of the accident, the airplane was in the same or substantially similar condition as when it left the control of Airbus.


VII.

PRODUCTS LIABILITY - AMERICAN AIRLINES

7.1     American, as a person engaged in the business of distributing or otherwise placing the airplane in the stream of commerce for commercial use, is strictly liable for Plaintiffs' damages caused by the defects of the airplane, as described in paragraphs 6.1-6.6 above.


VIII.

NEGLIGENT - AIRBUS INDUSTRIE, GIE

8.1     Airbus committed acts of omission and commission, which collectively and severally constituted negligence, which were a proximate cause of the crash of Flight 587 and the damages of Plaintiffs.

8.2     Airbus's acts of negligence include the following:

        8.2(a)  Negligently designing the airplane;

        8.2(b)  Negligently testing the airplane;

        8.2(c)  Negligently designing the airplane of from a composition standpoint so that the rudder and vertical tail fin would detach from the airplane in flight and the engines would fall from the airplane in flight;

        8.2(d)  Failing to test the airplane to assure the rudder and vertical tail fin would not

Dominican Republic\Complaint-Martinez
Page 7

detach from the airplane in flight and the engines would not fall off the airplane in flight;

8.2(e)  Negligently manufacturing the airplane;

8.2(f)  Negligently failing to warn consumers and ultimate users of the airplane of dangers associated with the rudder and tail fin and the engines;

8.2(g)  Negligently failing to disclose post-sale information known about the dangers and defects of the airplane;

8.2(h)  Negligently concealing known dangers associated with the airplane;

8.2(i)  Negligently quality control procedures resulting in poor quality airplane production;

8.2(j)  Failing to adequately train and assist air carriers in the dangers associated with the airplane;

8.2(k)  Failing to disclose known problems and defects;

8.2(l)  Negligently marketing the airplane as a safe and stable commercial passenger aircraft;

8.2(m)  Failing to meet or exceed internal guidelines;

8.2(n)  Negligently designing the airplane from a marketing standpoint;

8.2(o)  Failing to inform the consumers and users of the airplane of information that Airbus knew about the risk in and defects of the airplane, thus depriving users of the right to make a conscious and free choice;

8.2(p)  Failing to notify consumers that a defect exists in the airplane that relates to public safety; and

8.2(q)  Failing to recall the airplane or, alternatively, retrofitting the airplane to enhance safety.

## IX.
## 402B MISREPRESENTATION

9.1     Airbus misrepresented the character and quality of the airplane.  The

misrepresentations were of such a nature as to render Airbus strictly liable for the injuries to

Plaintiffs.  Airbus engaged in the course of advertising, marketing, and promoting this line of

airplanes, including the one in question. Airbus made false representations that included express and

implied misrepresentations of material fact concerning the character and quality of the product and

materials used in constructing the airplane in question.  The misrepresentations were through

advertising, marketing, and promoting the product, the totality of which, taken as a whole, falsely

misrepresented that the product was safe for use in a manner indicated by Airbus to be suitable for

consumers such as Plaintiffs.


## X.

### GROSS NEGLECT, WILLFUL ACTS OR OMISSIONS, AND MALICE

10.1.   Defendants committed gross neglect, willful acts or omissions, and/or malice,

which was a proximate cause of the injuries to the Plaintiffs and the damages of the Plaintiffs and

for which the Plaintiffs are entitled to recover punitive damages.

## DAMAGES

## XI.

## COMPENSATORY DAMAGES

11.1 At the time of the accident made the basis of this suit, Tito Livio Bautista, deceased, was a healthy man.  As a result of the injuries to and death of Tito Livio Bautista, Rosario Maria Baez Martinez and Jeremy Bautista, suffered damages to the nature and degree of care, maintenance, services, advise, counsel, love, comfort, companionship, which they otherwise would have received from, Tito Livio Bautista, deceased, and mental anguish, and other resulting damages.  They seek compensatory damages pursuant to the Texas Wrongful Death Act, Survival Statute or, alternatively, maritime law.

## XII.

## PUNITIVE DAMAGES

12.1    Because American and Airbus are guilty of gross neglect, willful acts or omissions, and malice, they should have punitive damages assessed against them in amount deemed appropriate by the jury.

## XIII.

## PRE-JUDGEMENT AND POST-JUDGMENT INTEREST

13.1    Plaintiffs seek pre-judgment and post-judgment interest as provided by law.

XIV.

CONSTITUTIONAL ALLEGATIONS

14.1    Plaintiffs allege that the provision within Section 41.008(b) of the Texas
Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a
Defendant to two times the amount fo economic damages plus an amount equal to any non-economic
damages found by the jury, not to exceed $750,000.00, or $200,000.00, whichever is greater, is
unconstitutional, as it is in violation of (1) Section One of the Fourteenth Amendment of the
constitution of the United States, which guarantees due process and equal protection of the laws; (2)
Article I, §3 of the Texas Constitution, which guarantees protection of the laws; (3) Article I, §13
of the Texas constitution, which guarantees access to open courts for every person for an injury done
him, and that each such person shall have remedy by due course of law; (4) Article I, §19 of the
Texas constitution, which guarantees due course of the law; (5) Article II, §1 of the Texas
constitution, which prohibits any one of the three branches of government from exercising any power
properly attached to either of the others, specifically, prohibiting the legislature from exercising
power properly attached to the judiciary; (6) Article III, §56 of the Texas constitution, which
prohibits the legislature from passing any local or special law authorizing limitation of civil actions;
and (7) Article I, §15 and Article V, §10 of the Texas Constitution, which guarantee the right to a
trial by jury in civil cases.

## XV.

## JURY DEMAND

15.1    Plaintiffs request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for the trial before a jury, and that Plaintiffs recover judgment of and from the Defendants for her actual and exemplary damages, in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief as Plaintiffs may show themselves to be entitled.

**LAW OFFICES OF LEO PRUNEDA**
621 S. 10th
Edinburg, Texas
Tel.: (956) 661-0551
Fax: (956) 661-0620

BY: _____
LEO PRUNEDA
Texas State Bar# 16373400
Rosario Maria Baez Martinez
Individually and
As Representatives of Tito Livio Bautista
And as next friend of Jeremy Bautista


**GRIFFITH, SULLIVAN,**
**OCHOA & GARZA, L.L.P.**
One Park Place, Suite 500
100 Savannah Avenue
McAllen, Texas  78503
Tel. No. (956) 971-9446
Fax. No. (956) 971-9451

BY: _____
JOHN R. GRIFFITH
Texas Bar No. 08480750
SUSAN R. SULLIVAN
Texas Bar No. 11546700
Counsel for Plaintiffs
Rosario Maria Baez Martinez and
Individually and
As Representatives of Tito Livio Bautista
And as next friend of Jeremy Bautista