IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| ROSARIO MARIA BAEZ MARTINEZ, Individually, and as Representative of the Estate of TITO LIVIO BAUTISTA, Deceased, and As Next Friend of JEREMY BAUTISTA, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN AIRLINES, INC., and AIRBUS INDUSTRIE, GIE, <br><br> Defendants. | § § § § § § § § § § § § § § § CIVIL ACTION NO: 3:03-CV-1324-M |

### DEFENDANT AMERICAN AIRLINES, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND AMERICAN'S JURY DEMAND

Defendant American Airlines, Inc. ("American"), by and through its attorneys Thompson & Knight LLP and Condon & Forsyth LLP, answers Plaintiff's Original Complaint (the "Complaint"), filed on June 13, 2003:

**Preliminary Statement and Notice of Tag-Along Action**

Under Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, American notifies this Court that this case arises out of the accident of American's Flight 587, which was bound for Santo Domingo from John F. Kennedy International Airport, on November 12, 2001. Numerous suits arising out of this accident have been filed, and the Judicial Panel on Multidistrict Litigation has formed MDL 1448, *In re Air Crash at Belle Harbor, New York, on November 12, 2001*, in the United States District Court for the Southern District of New York. This suit is a tag-along action and should be transferred to the MDL transferee court in the Southern District of New York

under 28 U.S.C. § 1407. In fact, this suit is redundant of an earlier suit filed by this same Plaintiff that is already pending in MDL 1448 in the United States District Court for the Southern District of New York (*see* paragraph 32.1, below).

## I.
## Parties

1.1 American admits that a Tito Livio Bautista was listed as a passenger on Flight 587. American is without knowledge or information sufficient to form a belief as to the truth of the citizenship allegation in paragraph 1.1.

1.2 American admits that it is a corporation that is organized under the laws of Delaware and that it has its principal place of business in Texas. American also admits that at all times relevant to the Complaint, that American was authorized to operate as an air carrier.

1.3 Rule 8 does not require American to answer allegations about Defendant Airbus Industrie, GIE ("Airbus"). To the extent that American must answer, American admits that Airbus is in the business of designing, manufacturing, and selling airplanes. Upon information and belief, American also admits that Airbus is a resident and citizen of a foreign country that does business in the United States. American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations against Airbus in paragraph 1.3.

## II.
## Jurisdiction and Venue

2.1 Plaintiff failed to affirmatively allege her own citizenship, even though she brings claims in her individual capacity. Plaintiff also failed to allege the citizenship of Jeremy Bautista, even though she brings claims as Jeremy Bautista's Next Friend. Plaintiff also failed to allege the state citizenship of Tito Livio Bautista, even though she brings claims as a representative of his estate. Thus, American cannot admit or deny the allegation that this Court has diversity jurisdiction over

this case under 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1332(c). Nonetheless, the Court has federal-question jurisdiction, under 28 U.S.C. § 1331, under the Convention for the Unification of Certain Rules Relating to International Transport by Air, 849 U.N.T.S. 11 (the "Warsaw Convention").[1]

2.2   American admits that this Court has personal jurisdiction over American. Rule 8 does not require American, however, to answer allegations about Airbus. To the extent that American must answer, American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations against Airbus in paragraph 2.2.

2.3   American admits, as an initial matter, that venue is proper in this district and division. But this case should be transferred to the United States District Court for the Southern District of New York for consolidated pretrial proceedings with MDL 1448, *In re Air Crash at Belle Harbor, New York, on November 12, 2001*, under 28 U.S.C. § 1407.

### III.
### General Allegations of Fact

3.1-3.5   American admits that American operated an Airbus A300-600 aircraft, Reg. No. N14053, designated as its Flight 587, from John F. Kennedy International Airport bound for Santo Domingo, Dominican Republic, and that Flight 587 crashed near Belle Harbor, New York, resulting in the deaths of all persons on board the aircraft. American admits that a Tito Livio Bautista was listed as a passenger on Flight 587. American is without knowledge or information sufficient to form a belief as to the truth of the familial allegations in paragraph 3.5. American denies the remaining allegations in paragraphs 3.1 to 3.5.

---

[1] *See* paragraph 17.1, below.

**Defendant American Airlines, Inc.'s Original Answer and Jury Demand - Page 3**

## Claims for Relief

### IV.
### Negligence — American Airlines, Inc.

4.1-4.7 American admits that American operated an Airbus A300-600 aircraft, Reg. No. N14053, designated as its Flight 587, from John F. Kennedy International Airport bound for Santo Domingo, Dominican Republic, and that Flight 587 crashed near Belle Harbor, New York, resulting in the deaths of all persons on board the aircraft. American leaves all questions of law for the Court and denies the remaining allegations in paragraphs 41. to 4.7.

### V.
### Strict Liability — American Airlines, Inc.

5.1 American denies the allegation that American is strictly liable for Plaintiff's damages under the Warsaw Convention. American also leaves all questions of law for the Court. In addition, see paragraphs 17.1, 18.1, and 19.1, below.

### VI.
### Products Liability — Airbus Industrie, GIE

6.1-6.6 Rule 8 does not require American to answer allegations about Airbus. To the extent that American must answer, American is without knowledge or information sufficient to form a belief as to the truth of the allegations against Airbus in paragraphs 6.1 to 6.6.

### VII.
### Products Liability — American Airlines, Inc.

7.1 American denies the allegations in paragraph 7.1. Moreover, product-liability law is not applicable to American in the context raised by the Complaint because American was a service provider in Flight 587, not a product provider. Product-liability law does not apply to the provision of services. *E.g.*, RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY §§ 1, 19, 20 cmt. d (1998).

**Defendant American Airlines, Inc.'s Original Answer and Jury Demand - Page 4**

## VIII.
## Negligence — Airbus Industrie, GIE

8.1-8.2    Rule 8 does not require American to answer allegations about Airbus. To the extent that American must answer, American is without knowledge or information sufficient to form a belief as to the truth of the allegations against Airbus in paragraphs 8.1 to 8.2.

## IX.
## 402B Misrepresentation — Airbus Industrie, GIE

9.1    Rule 8 does not require American to answer allegations about Airbus. To the extent that American must answer, American is without knowledge or information sufficient to form a belief as to the truth of the allegations against Airbus in paragraph 9.1.

## X.
## Gross Neglect, Willful Acts or Omissions, and Malice

10.1    American denies the allegations against American in paragraph 10.1. Rule 8 does not require American, however, to answer allegations about Airbus. To the extent that American must answer, American is without knowledge or information sufficient to form a belief as to the truth of the allegations against Airbus in paragraph 10.1.

## Damages

## XI.
## Compensatory Damages

11.1    American is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the health of Tito Livio Bautista before Flight 587 or the familial allegations in paragraph 11.1. American denies the remaining allegations of paragraph 11.1.

## XII.
## Punitive Damages

12.1 American denies the factual allegations relating to American in paragraph 12.1 and leaves all legal conclusions for the Court. In addition, the Warsaw Convention exclusively governs Plaintiff's claims against American, and the Convention does not permit the recovery of punitive or exemplary damages (*see* paragraph 29.1). Also, any such claim against American is limited by the defenses and limits in paragraphs 31.1 to 31.2. Lastly, Rule 8 does not require American to answer allegations about Airbus. To the extent that American must answer, American is without knowledge or information sufficient to form a belief as to the truth of the allegations against Airbus in paragraph 12.1.

## XIII.
## Prejudgment and Post-Judgment Interest

13.1 American denies the factual allegations in paragraph 13.1 and leaves all legal conclusions for the Court.

## XIV.
## Constitutional Allegations

14.1 American denies the factual allegations in paragraph 14.1 and leaves all legal conclusions for the Court.

## XV.
## Jury Demand

15.1 American also requests a jury in paragraph 33.1.

## Affirmative Defenses

### XVI.
### First Affirmative Defense

16.1 The Complaint fails to state a claim upon which relief can be granted.

### XVII.
### Second Affirmative Defense

17.1 The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), *reprinted in* note following 49 U.S.C.A. § 40105 (1997), as amended by the Protocol Done at The Hague on 28 September 1955 (ICAO Doc. 7632), or the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), as amended by Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air Signed at Warsaw on 12 October 1929 as amended by the Protocol Done at The Hague on 28 September 1955 (Sept. 25, 1975), *reprinted in* S. Exec. Rep., No. 105-20 pp. 21-32 (1998) (hereinafter referred to as the "Warsaw Convention"), and the rights of the parties to this litigation are governed by the provisions of said Warsaw Convention.

### XVIII.
### Third Affirmative Defense

18.1 American's liability, if any, is limited under the provisions of the Warsaw Convention, American's conditions of carriage and tariffs, the provisions of the Agreement on Measures to Implement the IATA Intercarrier Agreement ("MIA"), and the Air Transport Association of

America Provisions Implementing the IATA Intercarrier Agreement to be Included in Conditions of Carriage and Tariffs ("IPA").

## XIX.
## Fourth Affirmative Defense

19.1 Pursuant to the provisions of the MIA, the IPA, American's conditions of carriage and tariffs, and Article 20 of the Warsaw Convention, American's liability, if any, is limited because American and its servants and agents took all necessary measures to avoid the damage or it was impossible for them to take such measures.

## XX.
## Fifth Affirmative Defense

20.1 The Federal Aviation Act of 1958 (Pub. L. No. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 *et seq.* now recodified and incorporated into 49 U.S.C. § 40101 *et seq.*), and the federal regulations promulgated pursuant thereto implicitly preempt State law standards governing flight operations, maintenance, inspection, and flight crew training procedures which Plaintiff alleges American to have violated.

## XXI.
## Sixth Affirmative Defense

21.1 Any of Plaintiff's claims that relate to rates, routes, and services provided by American are expressly preempted by 49 U.S.C. § 41713.

## XXII.
## Seventh Affirmative Defense

22.1 The alleged damages complained of were caused by the negligence of parties other than American and for whom American is not responsible; therefore, American is not liable to Plaintiff or, in the alternative, American's liability to Plaintiff should be reduced in accordance with applicable law.

## XXIII.
## Eighth Affirmative Defense

23.1  The Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

## XXIV.
## Ninth Affirmative Defense

24.1  Plaintiff and/or the decedent's alleged next of kin named as claimants in the Complaint lack capacity and/or standing to maintain this action.

## XXV.
## Tenth Affirmative Defense

25.1  The alleged damages complained of were caused and brought about by an intervening and superseding cause and were not caused by American, or by a person for whom American is responsible.

## XXVI.
## Eleventh Affirmative Defense

26.1  The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of American, its agents or employees.

## XXVII.
## Twelfth Affirmative Defense

27.1  American is not liable to Plaintiff because American complied with all applicable government regulations in effect at the time of the events described in the Complaint.

## XXVIII.
## Thirteenth Affirmative Defense

28.1  The recovery by Plaintiff, if any, should be reduced by any collateral source payment that has been or will be paid to Plaintiff.

## XXIX.
### Fourteenth Affirmative Defense

29.1  The Warsaw Convention exclusively governs Plaintiff's claims against American. The Warsaw Convention does not permit the recovery of punitive or exemplary damages. Thus, the Convention bars Plaintiff's claims for these types of damages.

## XXX.
### Fifteenth Affirmative Defense

30.1  Plaintiff, in her individual capacity, is not entitled to recover exemplary or punitive damages.

## XXXI.
### Sixteenth Affirmative Defense

31.1  American denies that Plaintiff is entitled to recover exemplary damages on the grounds that the imposition of punitive or exemplary damages as sought by Plaintiff would be fundamentally unfair and would violate American's rights under the United States Constitution; the Texas Constitution; and the constitutions of the states whose law might govern punitive or exemplary damages if the Warsaw Convention did not, in fact, bar punitive damages (*e.g.*, the New York State Constitution (place of the accident), in the following respects:

(a)  An award of exemplary damages would violate American's rights to due process and equal protection by the Fifth and Fourteenth Amendments to the United States Constitution, Article 1, Sections 14, 16, and 19 of the Texas Constitution and Article I, Sections 6 and 11 of the New York State Constitution; in that:

(i)  The determination whether to award exemplary damages is left to the arbitrary discretion of the trier of fact; there is, therefore, no adequate or meaningful standard or

guide for exercising said discretion, nor for fixing, determining, or reviewing the amount of an award of exemplary damages.

(ii) No law provides any adequate or meaningful standard or guide for determining the nature of the conduct upon which an award of exemplary damage may be based. American has had no notice nor any means by which to ascertain the nature of the conduct for which it might be held subject to an exemplary damage award or the amounts of any penalty it might be subject to for the alleged conduct upon which the award could be based.

(iii) No law provides adequate procedural safeguards for the imposition of an award of exemplary damages.

(iv) Due process requires, at a minimum, that exemplary damages be awarded only on the plaintiff's burden of proof of "beyond a reasonable doubt."

(v) The concept of punitive or exemplary damages whereby an award is made to a private plaintiff, not by way of compensation but by way of a windfall incident to punishing a defendant, constitutes the taking of property without due process.

(b) An exemplary damage award would violate the prohibition against excessive fines contained in Article 1, Section 13, of the Texas Constitution and Article I, Section 5 of the New York State Constitution.

(c) Punitive damages, if allowed, are a punishment and a quasi-criminal sanction for which American is not afforded the specific procedural safeguards prescribed by the Fourth, Fifth, and Sixth Amendments of the United States Constitution.

(d) An award of punitive damages, if allowed, also would violate Article I, Sections 3, 13, and 19 of the Texas Constitution and Article I of the New York State Constitution.

31.2   In the alternative, American pleads and invokes the standards of recovery and limitations on the amount of recovery for exemplary damages set forth in Chapter 41 of the Texas Civil Practice and Remedies Code.

## XXXII.

### This suit is redundant of an earlier-filed suit.

32.1   On February 11, 2002, Plaintiff filed another lawsuit entitled *Rosario Maria Baez Martinez, Individually, as Representative of the Estate of Tito Livio Bautista, and as Next Friend of Jeremy Bautista Baez v. American Airlines, Inc.*, No. 3:02-CV-0285-L, in the U.S. District Court for the Northern District of Texas, Dallas Division, in which Plaintiff brought claims based on the same allegations of the accident of American Airlines Flight 587. By Conditional Transfer Order (CTO-2), filed May 28, 2002, the Judicial Panel on Multidistrict Litigation transferred Case No. 3:02-CV-0285-L to the Southern District of New York to be part of the MDL 1448, which covers the lawsuits arising out of Flight 587. Plaintiff should not be allowed to maintain two lawsuits arising out of the same incidents and the alleged death of the same person in the federal court system. Thus, this Court should dismiss this suit in favor of Case No. 3:02-CV-0285-L.

## XXXIII.
### Notice Of Applicability Of Foreign Law

33.1   Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, American hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter.

## XXXIV.
### Jury Demand

34.1   Under Rule 38 of the Federal Rules of Civil Procedure, American requests a jury trial on all issues so triable.

WHEREFORE, American demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and disbursements and such other and further relief which this Court deems just and proper under the circumstances.

Dated: June 30, 2003.

Respectfully submitted,

*/s/ Christopher Barnes*

John H. Martin
Texas State Bar No. 13086500
Christopher L. Barnes
Texas state Bar No. 00792175

THOMPSON & KNIGHT L.L.P.
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700
Fax: (214) 969-1751

Desmond T. Barry, Jr.
Andrew J. Harakas

CONDON & FORSYTH, L.L.P.
685 Third Ave.
New York, New York 10017
(212) 490-9100
Fax: (212) 370-9453

ATTORNEYS FOR DEFENDANT AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2003, a true and correct copy of the foregoing document was served via facsimile and First Class Mail, Return Receipt Requested on the following counsel:

Leo Pruneda
Law Offices of Leo Pruneda
621 S. 10th
Edinburgh, Texas
(956) 383-4822
(956) 383-4491 Fax

Susan Sullivan
Griffith, Hill & Ochoa, L.L.P.
One Park Place, Suite 500
100 Savanna Avenue
McAllen, Texas 78503
(956) 971-9446
(956) 971-9451

ATTORNEYS FOR PLAINTIFF

Thad T. Dameris
Trevor R. Jefferies
Pillsbury Winthrop LLP
2 Houston Center
909 Fannin, Suite 2200
Houston, Texas 77010
(713) 425-7322
(281) 582-6305 Fax

ATTORNEYS FOR AIRBUS INDUSTRIE, G.I.E.

_____
Christopher L. Barnes

008425 000030 DALLAS 1609651.1